JAMES H. COWING AND GEORGE KELLOGG v. AUSTIN N. RIPLEY, COMMISSIONER OF HIGHWAYS, AND CHARLES MURRAY, TOWNSHIP CLERK.

*Highways — Proceedings to establish — Return of commissioner to township clerk—Certiorari—Joinder of plaintiffs.*

1. The return of a commissioner of highways of his proceedings in laying out a road should show—

    *a*—The date of the application.

    *b*—The names of the owners of the lands over which the road is laid, or whose interests are affected thereby.

    *c*—That the damage allowed such owners, respectively, was the value of their lands for farming purposes.

    *d*—An adjudication of a public necessity for laying out the road, and for taking the lands affected thereby for such purposes.

2. It is from the records made and returned to the township clerk by a commissioner of highways, of his action in laying out a road, that the *legality* of such action is to be determined on *certiorari* to review the same, and not from his return to such writ outside of such records.

3. Two land-owners having like complaints against the action of a commissioner of highways in laying out a road, and whose injuries are of the same nature, may join in *certiorari* proceedings to review such action.

*Certiorari.* Submitted June 27, 1889. Decided October 18, 1889.

*Certiorari* to review proceedings of highway commissioner in laying out a road. Proceedings quashed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*Charles H. Smith* (*Thomas E. Barkworth,* of counsel), for petitioners.

*Thomas A. Wilson,* for respondents.

SHERWOOD, C. J. The writ of *certiorari* in this case brings before us certain proceedings taken by the highway commissioner for the purpose of laying out and establishing a public highway in the township of Henrietta, in the county of Jackson.

The record contains all of the proceedings had by and before the commissioner, from which it appears that the proposed highway commences at a road on the section line between sections 17 and 18, where the quarter line on section 17 intersects the same, in said town, and from thence runs east on the quarter line to a point within two rods of high-water mark on the shore of Pleasant lake; thence around the south point of said lake, along the shore thereof, and two rods distant therefrom, to said quarter line; and here the road ends, and connects with no other thoroughfare.

The object seems to be to obtain a right of way to a pleasure resort on the bank of the lake, near where the proposed road would terminate.

The petition appears to be sufficiently signed, and bears date the twenty-seventh day of September, 1888, but it nowhere appears in the proceedings when the application to lay out the road was made to the commissioner; neither does it appear in the petition, or other proceedings had by the commissioner, as returned by him to the township clerk, who were the owners of the lands over which said proposed road was to be laid, or whose interests were to be affected thereby; nor does it appear in such proceedings entered whether or not the damage allowed the plaintiffs in error was the value of their lands for farming purposes.

The return of the commissioner to the township clerk further fails to show any proper adjudication of any public necessity for the laying out of such proposed road, or any necessity for taking the lands of the plaintiffs in error for such purpose. These things should appear in the record.

The following is a copy of the return made by the commissioner to the township clerk:

"The undersigned, commissioner of highways of the township of Henrietta, in the county of Jackson, hereby makes return that upon the application made to him, in pursuance of law, by seven and more freeholders of said township, to lay out a highway as hereinafter described, the said highway commissioner did, after due notice given according to law, proceed, on the twenty-second day of December, A. D. 1888, 10 o'clock, to view the premises described in said application, and, for reason, did adjourn one week to December 29.

"Met as per adjournment, and adjourned to January 5, A. D. 1889, 10 o'clock A. M., and notice and ascertain and determine the necessity of laying out such highway, and to justly and impartially appraise damages thereon.

"And doth further return that he considers and determines that a public highway shall be, and the same is hereby, laid out pursuant to said application, as follows:

"Commencing on the west line of section seventeen, at the quarter post corner; running east on said quarter line about thirty-two rods, to within two rods of high-water mark of Pleasant lake; thence around the south point of Pleasant lake, two rods distant from high-water mark, to the quarter line; said line to be the center of said highway, and said highway to be four rods in width, according to a survey thereof which the undersigned commissioner has caused to be made of the line of said highway, filed in the office of the town clerk.

"And he doth further return that he has justly and impartially appraised the following amounts of damages thereon, sustained by the persons named, and payable to them, by reason of laying out said highway, as follows, viz. : One hundred dollars to J. H. Cowing; forty dollars to George Kellogg.

"Given under my hand this ninth day of January, A. D. 1889.

"A. N. RIPLEY,     [L. S.]
"Commissioner of Highways for the Town of Henrietta."

It is from the records thus made and returned by the commissioner to the clerk, and not upon what the commissioner may now inform us in his return to the writ, that the questions raised upon this record must be decided.

Under the statutes and the decisions of this Court, we find it impossible to sustain the proceedings of the commissioner. The authorities referred to are fully cited in the briefs of counsel upon all the points made, and further reference to them herein is entirely unnecessary. The commissioner's action in the premises was without jurisdiction, and the proceedings must be quashed, with costs to plaintiffs in error.

We may say, further, that we think the plaintiffs in error were properly joined in this writ. Their injuries complained of arose from the same cause; were of the same nature. Their remedy is against the same persons, and requires the same relief, and the same treatment to secure it.

The other Justices concurred.